UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leslie Centell Hunt, Jr., #316022, <br> a/k/a Leslie C. Hunt, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Kela A. Thomas; <br> Nikki R. Haley; <br> Nurse Mungo, <br><br> Defendants. | ) C/A No. 2:14-4675-DCN-MGB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). According to the party information supplied by the plaintiff on page 3 of the complaint, Kela Thomas is a Director at the South Carolina State House. It can be judicially noticed that Kela Thomas is the former Director of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS). Nikki Haley is the Governor of South Carolina. Nurse Mungo is a nurse at the Kershaw Correctional Institution. On page 3 of the complaint, the plaintiff states that he is attempting to litigate "surgery, diagnosis and treatment of deformity" in the above-captioned case (doc. 1 at 3).

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges: (1) the plaintiff should not walk, but should have a wheelchair (*id*. at 5); (2) the plaintiff needs surgery "[d]own to [his] lower stomach" and leg when he is released (*id*.); (3) the plaintiff has a tumor (*id*.); (4) the plaintiff should be placed at "24 hour 'watch' medical institution" until his release date (*id*.); (5) the defendants have passed laws preventing him from receiving medical treatment at local hospitals (*id*.); (6) the plaintiff's tumor was "created" while the plaintiff was in the care of the SCDC

(*id*.); (7) the plaintiff's PCR case was "dismissed" when the plaintiff had this problem (*id*.); (8) the plaintiff's sentence was not corrected (*id*.); (9) the plaintiff has suffered from agitation, stress, and nerve damage (*id*. at 6); (10) at the plaintiff's trial, the "state appointed person" made the court believe that the plaintiff was guilty (*id*.); (11) at the PCR hearing, the "state lawyer" said that a mistake had been made, but the SCDC has not made a correction (*id*.); (12) the plaintiff is making an "application of remedies to relieve or cure a disease or, disorder" (*id*.); (13) the plaintiff has not had blood taken (*id*.); (14) the plaintiff thinks that he is dying of a problem that started when he was in the care of the defendants (*id*.); (15) the plaintiff has a "witness while sick" for swollen arms, teeth, eyes, and "other similar case to these as said" (*id*.); and (16)"Nurse Mungo witness[ed] the swollen spot and stated, I need help." (*id*.).  In his prayer for relief, the plaintiff seeks surgery by a medical surgeon, the granting of parole to reduce his sentence, treatment for losses and damages, and "anything in [his] favor that the law see[s] fit" (*id*. at 7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**The Plaintiff's Criminal Case, Post-Conviction Case, and Parole Issues**

The plaintiff's civil rights claims arising out of his criminal case and post-conviction case are subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).

The holding in *Heck v. Humphrey* is also applicable to probation and parole issues. *See Brown v. Lemacks*, Civil Action No. 8:09-2160-CMC-BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), *adopted by* 2010 WL 2179490 (D.S.C. May 27, 2010).

**Governor Haley and Former SCDPPPS Director Thomas**

Governor Haley and Director Thomas are immune from suit in their official capacities. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). In their personal capacities,

Governor Haley and Director Thomas are not responsible for the plaintiff's medical care in the SCDC or for matters pertaining to the plaintiff's criminal case or post-conviction case. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."), which cites *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (collecting cases holding that a plaintiff suing a government official in his or her individual capacity and seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right).

**Medical Care**

With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105; *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his or her choice. *Ajaj v. United States*, 479 F. Supp. 2d 501, 537 (D.S.C. 2007). The government is

"obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. at 102. This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105–06.

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted), *superannuated on other grounds by Farmer v. Brennan*, 511 U.S. at 837. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. at 106.

To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* Nurse Mungo, the one defendant in the above-captioned case involved in the plaintiff's medical care, concluded that the

5

plaintiff needed help for his swelling (doc. 1 at 6). Hence, her conclusion indicates that Nurse Mungo not only recognized the plaintiff's medical condition, but recognized the need for further treatment.

As earlier stated, negligence or disagreements as to the proper course of treatment do not constitute deliberate indifference. *See Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983); and *Ashford v. Gordon*, Civil Action No. 0:13-1113-JFA-PJG, 2014 WL 4417362, at *11 (D.S.C. Sept. 8, 2014) (collecting cases: "A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact."). Although the plaintiff thinks that he should be taken to an outside medical facility with twenty-four-hour care, the apparent decision by other medical personnel (who are not defendants in this case) to treat the plaintiff within the facilities of the SCDC is not a constitutional violation. Moreover, this court has also held that a conservative course of treatment is not a constitutional violation. *See Starling v. United States*, 664 F. Supp. 2d 558, 562, 568–70 (D.S.C. 2009) (rejecting deliberate indifference claim where Federal Bureau of Prisons elected to pursue a conservative course of treatment for an inmate's allegations of back pain).

Unless medical needs are serious or life-threatening, and the defendants were deliberately and intentionally indifferent to those needs of which they were aware at the time, a plaintiff may not prevail. *See Farmer v. Brennan*, 511 U.S. at 837–38; and *Brice v. Virginia Beach Corr. Center*, 58 F.3d 101, 104 (4th Cir. 1995) (injury or condition must be "sufficiently serious to meet the objective inquiry"). There is no indication in the complaint that the plaintiff's tumor or

swelling is life-threatening or that the plaintiff's medical treatment has been delayed, unlike the situation in *Sosebee v. Murphy*, 797 F.2d 179, 181–83 (4th Cir. 1986). Hence, the decision of the Court of Appeals in *De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013), is not applicable to the above-captioned case.

**Early Release from Prison**

In the above-captioned case, this court cannot grant to the plaintiff an early release from prison or direct that he be granted parole. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). In any event, a state inmate has no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

April 23, 2015  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).